contended that the assessment should be set aside for overvaluation and inequality.

*John W. Davis, Roland L. Redmond, Samuel P. Gilman* and *William F. Unger* for appellant.

*George P. Nicholson, Corporation Counsel (William H. King* and *Eugene Fay* of counsel), for respondents.

Order affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

HAMILTON F. KEAN et al., Copartners under the Firm Name of KEAN, TAYLOR & Co., Appellants, *v.* MARY-LAND CASUALTY COMPANY, Respondent.

*Insurance (indemnity) — action to recover for loss arising from acceptance of uncertified check which was afterwards dishonored on ground that transaction constituted larceny.*

Kean v. Maryland Casualty Co., 221 App. Div. 184, affirmed.
(Argued April 3, 1928; decided May 1, 1928.)

APPEAL from a judgment, entered July 25, 1927, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiffs entered upon a verdict and directing a dismissal of the complaint. The action was to recover upon a banker's and broker's blanket bond insuring plaintiffs, amongst other things, from loss through theft. Plaintiffs, who had been doing business for some time with a firm of brokers in Philadelphia, delivered to them United States Treasury certificates to the amount of $450,000 and accepted their uncertified check in payment thereof. The check was dishonored, the firm proved to be insolvent and went into bankruptcy. Claim is made for the resulting loss on the ground that the transaction constituted larceny. The defense was that no larceny was actually committed; that even though larceny were committed, the loss fell beyond the scope of the covering clauses of the bond and was specifically excluded by its restrictive provisions.

Prepared by State Reporter from Appeal Papers

*Frank C. Laughlin, Joseph W. Kirkpatrick* and *Robert M. McCormick* for appellants.

*Henry de Forest Baldwin, Thaddeus G. Cowell, James S. Hemingway, John H. Vincent* and *Edward J. Dowling* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

ATLANTIC MILLS OF RHODE ISLAND, Respondent, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

*Real property — easements — railroads — injunction — action to restrain use of railroad right of way — purpose of grant — abandonment by nonuser.*

*Atlantic Mills of R. I.* v. *N. Y. C. R. R. Co.*, 221 App. Div. 386, affirmed.

(Submitted April 4, 1928; decided May 1, 1928.)

APPEAL from a judgment, entered July 13, 1927, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment in favor of defendant entered upon a decision of the court at a Trial Term without a jury and directing judgment in favor of plaintiff. The action was to restrain the defendant from using a railroad right of way over property of the plaintiff and for damages from such use. In 1869 plaintiff's predecessor in title conveyed certain dock property in the city of Hudson to the Delaware and Hudson Canal Company and also a right of way over other lands for rail tracks to connect the dock with the Hudson and Boston and Hudson River railroads. By subsequent conveyances the dock property and right of way came into possession of the Knickerbocker Portland Cement Company which in 1910 constructed a track on the right of way, not from the dock property, but from the line of the New York Central Railroad Company to what was formerly the Hudson and Boston railroad but is now the Boston and Albany and part of the New York Central